**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ZOPHONOS INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:25-CV-00752-JRG |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Partial Rule 12(b)(6) Motion to Dismiss the First Amended Complaint for Patent Infringement (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). (Dkt. No. 38.) For the reasons stated herein, Samsung's Motion is **DENIED**.

### I.    BACKGROUND

Plaintiff Zophonos Inc. ("Zophonos") filed the above-captioned case against Samsung on July 30, 2025, asserting infringement of U.S. Patent Nos. 10,656,906 (the "'906 patent"), 11,204,736 (the "'736 patent), and 11,900,016 (the "'016 patent"). (Dkt. No. 1 ¶ 3.) Samsung first moved to dismiss Zophonos's allegations of pre-suit willful infringement and induced infringement on November 24, 2025. (Dkt. No. 21.) In response to that first motion, Zophonos filed its First Amended Complaint ("FAC") on December 8, 2025. (Dkt. No. 27.) The FAC now alleges pre-suit knowledge of only the '016 patent. (*Id*. at ¶¶ 37-38.) Accordingly, Samsung filed the Motion on December 22, 2025, now seeking to dismiss Zophonos's allegations of pre-suit willful and induced infringement of specifically the '016 patent. (Dkt. No. 38 at 1.)

In the FAC, Zophonos pleads that Samsung had pre-suit knowledge of the '016 patent, or was at least willfully blind to the '016 prior to filing, because "at least as early as March 18, 2025, a patent examiner cited the '016 Patent as a reference in the examination of a patent assigned to Samsung titled 'Method and System for Mitigating Unwanted Audio Noise in a Voice Assistant-Based Communication Environment' (Application No. 2023/0215457)." (Dkt. No. 27 at ¶ 37.)

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a complaint, the Court must accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. *Ashcroft*, 556 U.S. at 678.

A claim is plausible on its face where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663 (citing *Twombly*, 550 U.S. at 570). This plausibility requirement does not require that a plaintiff prove its case at the pleading stage, but it "'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.'" *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

## III.    ANALYSIS

The Motion seeks dismissal of Zophonos's claims of willful infringement and induced infringement, on the basis that Zophonos has failed to plausibly allege pre-suit knowledge of or willful blindness to the '016 patent. The Court takes up each of these arguments in turn.

2

### A.  Pre-Suit Knowledge

"To sufficiently plead pre-suit willful infringement, a plaintiff must plausibly allege that the defendant knew of an asserted patent before the plaintiff filed the lawsuit." *Dialect, LLC v. Bank of America, N.A.*, No. 2:24-cv-00207, 2024 WL 4980794, at *2 (E.D. Tex. Dec. 3, 2024) (internal quotation omitted).  Induced infringement also requires that the defendant "knew of the patent and knew as well that the induced acts constitute patent infringement." (*Id*.)

Samsung asserts that Zophonos's theories of both willful and induced infringement should be dismissed because Zophonos has failed to allege that Samsung had pre-suit knowledge of the '016 patent. More specifically, Samsung argues that since "Zophonos relies solely on a citation of the '016 patent by the examiner during prosecution of an unrelated Samsung patent application," and as a result Zophonos has failed to plead pre-suit knowledge. (Dkt. No. 38 at 4.)

The Court finds that Zophonos has successfully alleged pre-suit knowledge of the '016 patent. To find otherwise would require a reading of the FAC that decides a factual dispute—whether the examiner's citation to the '016 patent during prosecution put Samsung on notice of the '016 patent—in favor of Samsung. As this Court has established, "the prosecution history is objective evidence of what knowledge the applicant has of the art." *Plano Encryption Techs., LLC v. Akami Tech., Inc.*, No. 2:16-cv-01032, 2017 WL 8727249, at *5 (E.D. Tex. Sept. 22, 2017) (quoting *Litton Sys. Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1465 (Fed. Cir. 1998)). Zophonos has pled that Samsung became aware of the '016 patent via the citation to it by the patent the examiner, and the Court must accept such a factual allegation as true.

### B.  Willful Blindness

A showing of willful blindness requires that: "(1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions

3

to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Samsung asserts that Zophonos has failed to properly plead willful blindness to the '016 patent because the FAC fails to plead that either of these two requirements is met. (Dkt. No. 38 at 7-8.) Zophonos responds that it has pled willful blindness to the '016 patent, because "[t]he FAC alleges that a U.S. patent examiner came across the '016 patent—and cited it to Samsung—during prosecution of Samsung's own application on materially similar audio-signal processing technology." (Dkt. No. 41 at 7.)

The Court finds that Zophonos's pleading regarding the examiner's identification of the '016 patent to Samsung during prosecution meets both prongs of the willful blindness standard. Such identification of the '016 patent by the examiner supports a reasonable inference that Samsung was on notice of the '016 patent and that there was a high probability that the relevant technology was patent-protected. Further, the FAC's allegations that Samsung continued its infringement after the examiner identified the '016 patent during prosecution (Dkt. No. 27 at ¶¶ 104-05) support a reasonable inference that Samsung "avoid[ed] confirming what the examiner's citation put in front of it" (Dkt. No. 41 at 7).

## IV.  CONCLUSION

For the reasons stated herein, the Court finds that Samsung's Partial Motion to Dismiss (Dkt. No. 38) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 21st day of July, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

4